UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-107-BR
No. 7:12-CV-126-BR

| | |
|---|---|
| RON KEITH MORRISON, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion.

In 2003, a jury convicted petitioner of two counts of felon in possession of ammunition and one count of possession with intent to distribute cocaine base. The court sentenced petitioner to a total term of imprisonment of 210 months. Petitioner appealed his convictions and sentence, and the Fourth Circuit Court of Appeals affirmed. (DE # 51.) Petitioner filed a petition for a writ of certiorari, which the Supreme Court denied on 8 November 2004. Morrison v. United States, No. 04-6672.

Petitioner filed the § 2255 motion on 14 May 2012. Relying on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner claims that he is not a career offender, and he therefore requests that he be resentenced. (Mot., DE # 65, at 4, 13.)[1] In response, the government filed the instant motion to dismiss. (DE # 67.) Petitioner, who is represented by counsel, did not file a response to the motion.

The government asserts that the § 2255 motion should be dismissed as untimely. A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That

---

[1]Page citations are to those generated by cm/ecf.

limitations period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner contends that his motion is timely under § 2255(f)(4) because he filed the motion within one year of the 17 August 2011 decision in Simmons. (Mot., DE # 65, at 12.) In that case, the Fourth Circuit Court of Appeals overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), to hold that under North Carolina's structured sentencing scheme, an offense is punishable by a term of imprisonment exceeding one year only if the particular defendant before the court could have received such a sentence based on his criminal history and the nature of the offense. Simmons, 649 F.3d at 243-44. A legal decision which does not affect the validity of an underlying conviction is not a fact for purposes of § 2255(f)(4). See E.J.R.E. v. United States, 453 F.3d 1094, 1097-98 (8th Cir. 2006) ("[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255."); Saulter v. United States, No. 7:02-CR-22-BO, 2011 WL 5024362, at *1 (E.D.N.C. Oct. 20, 2011) ("A newly discovered legal opinion is not, however, new *factual* evidence discovered to support a claim or claims" to make a habeas motion timely under § 2255(f)(4).); Blakney v. United States, No. 4:11-cv-70024-RBH, 2011 WL 1113468, at *3-4 (D.S.C. Mar. 24, 2011) ("A

2

legal decision is not a 'new fact' for purposes of § 2255(f)(4). Stated another way, the limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not a change in the law." (citations, quotations, and alterations omitted)).

Petitioner's reliance on Johnson v. United States, 544 U.S. 295 (2005), and United States v. Gadsen, 332 F.3d 224 (4th Cir. 2003), is misplaced. In both cases, the fact for purposes of (f)(4) was the state court's vacatur of the petitioner's underlying conviction. See Johnson, 544 U.S. at 304-08 (holding that the state court's vacatur of a prior conviction supporting the petitioner's enhanced federal sentence is a fact for purposes of § 2255(f)(4), provided the petitioner acts with due diligence in securing the state court's order of vacatur); Gadsen, 332 F.3d at 227–29 (holding that the fact supporting the petitioner's § 2255 claim is the conclusive vacatur of the petitioner's prior state conviction which was used to sentence him in federal court as a career offender). Granted, in Johnson and Gadsen it was, technically speaking, a court case or decision on which the petitioner's claims were based, but it is the fact of the underlying convictions' vacatur which is significant and is operative for § 2255(f)(4). See id. In contrast, Simmons is not a decision which invalidates any of petitioner's prior, underlying convictions; rather, its application concerns the legal significance one of those convictions. As such, that petitioner filed his motion within one year of Simmons does not make his motion timely under § 2255(f)(4). See McMeans v. United States, Nos. 5:12-cv-005-RLV, 5:08-cr-010-RLV-CH-2, 2013 WL 1789711, at *2 (W.D.N.C. Apr. 26, 2013) ("[T]o the extent that Petitioner contends that *Simmons* constitutes a new 'fact,' triggering the re-opening of the one-year time period under § 2255(f)(4), 'facts' as used in Section 2255(f)(4) refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance." (citation omitted));

3

Case 7:02-cr-00107-BR   Document 69   Filed 06/10/13   Page 3 of 5

legal decision is not a 'new fact' for purposes of § 2255(f)(4). Stated another way, the limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not a change in the law." (citations, quotations, and alterations omitted)).

Petitioner's reliance on Johnson v. United States, 544 U.S. 295 (2005), and United States v. Gadsen, 332 F.3d 224 (4th Cir. 2003), is misplaced. In both cases, the fact for purposes of (f)(4) was the state court's vacatur of the petitioner's underlying conviction. See Johnson, 544 U.S. at 304-08 (holding that the state court's vacatur of a prior conviction supporting the petitioner's enhanced federal sentence is a fact for purposes of § 2255(f)(4), provided the petitioner acts with due diligence in securing the state court's order of vacatur); Gadsen, 332 F.3d at 227–29 (holding that the fact supporting the petitioner's § 2255 claim is the conclusive vacatur of the petitioner's prior state conviction which was used to sentence him in federal court as a career offender). Granted, in Johnson and Gadsen it was, technically speaking, a court case or decision on which the petitioner's claims were based, but it is the fact of the underlying convictions' vacatur which is significant and is operative for § 2255(f)(4). See id. In contrast, Simmons is not a decision which invalidates any of petitioner's prior, underlying convictions; rather, its application concerns the legal significance one of those convictions. As such, that petitioner filed his motion within one year of Simmons does not make his motion timely under § 2255(f)(4). See McMeans v. United States, Nos. 5:12-cv-005-RLV, 5:08-cr-010-RLV-CH-2, 2013 WL 1789711, at *2 (W.D.N.C. Apr. 26, 2013) ("[T]o the extent that Petitioner contends that *Simmons* constitutes a new 'fact,' triggering the re-opening of the one-year time period under § 2255(f)(4), 'facts' as used in Section 2255(f)(4) refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance." (citation omitted));

3

Case 7:02-cr-00107-BR   Document 69   Filed 06/10/13   Page 3 of 5

Farmer v. United States, No. 5:02-CR-131-BO , 2012 WL 5835524, at *1 n.1 (E.D.N.C. Nov. 16, 2012) ("[T]he Court does not find that *Simmons* could be a new fact supporting [petitioner's] claim discoverable through the exercise of due diligence." (citations omitted)); United States v. Anderson, No. 0:04-353-CMC, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012) (holding that Simmons "is not a 'fact' which triggers § 2255(f)(4)"), appeal dismissed, No. 12-6961 (4th Cir. Nov. 7, 2012); United States v. Hardison, No. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) ("[T]he Fourth Circuit's decision in *Simmons* does not constitute a 'fact supporting [petitioner's] claim.'" (latter alteration in original)).

Petitioner advances no ground for the court to deem the motion timely other than § 2255(f)(4). The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED as untimely.

The court finds that reasonable jurists would find it debatable whether the court correctly dismissed petitioner's motion on the ground that it is not timely and that the § 2255 motion states a debatable claim of the denial of a constitutional right. Therefore, petitioner has met the standard for issuance of a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") It is ORDERED that a

4

certificate of appealability shall issue as to whether the § 2255 motion was timely filed.

This 10 June 2013.

                                                               W. Earl Britt
                                                               Senior U.S. District Judge