# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
#### No. 7:02-CR-107-BR

UNITED STATES OF AMERICA     )
)
)
        v.               )          O R D E R
)
RON KEITH MORRISON           )

      This matter is before the court on defendant's "motion to correct clerical error." (DE # 88.) In the motion, defendant requests that the court correct his sentence pursuant to Federal Rule of Criminal Procedure 36 based on the purportedly erroneous application of the career offender guideline, U.S.S.G. § 4B1.1. (Id. at 1-2.)

      "The district court does not possess the authority to modify a sentence under Rule 36[.]" United States v. Summerville, 236 F. App'x 871, 873 (4th Cir. 2007) (citation omitted). "A court's authority under Rule 36 is limited to the correction of *clerical* errors in the judgment," United States v. Bennett, 423 F.3d 271, 277 (3d Cir. 2005) (footnote omitted), and "errors in the record arising from oversight or omission," Summerville, 236 F. App'x at 873. The case on which defendant relies, United States v. Powell, 266 F. App'x 263 (4th Cir. 2008), illustrates this authority. In Powell, a clerical error in the state court record, which was carried over to the federal court record for purposes of sentencing, caused the defendant to be improperly sentenced as a career offender. Id. at 266. The Court of Appeals remanded the "case to the district court to correct the error in reporting [the defendant's] predicate offenses under [Rule 36] and then to resentence him in accordance with the corrected record." Id.

      In defendant's case, however, there is no clerical error in his state court record or his

federal court record. Rather, relying on <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), defendant claims that he does not have the qualifying, prior convictions to be deemed a career offender, (Mot., DE # 88, at 2), that "the error in reporting [his] predicate offense should be corrected," (<u>id.</u> at 3), and that he should be resentenced, (<u>id.</u>). The error, if any, defendant seeks to correct is not clerical. Accordingly, his Rule 36 motion is DENIED.

      This 15 December 2014.

                                           W. Earl Britt
                                           Senior U.S. District Judge