UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-107-BR
No. 7:16-CV-205-BR

| | |
|---|---|
| RON KEITH MORRISON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the government's motion to lift the stay of this proceeding and to dismiss petitioner's third 28 U.S.C. § 2255 motion. (DE # 110.) Petitioner, who is represented by counsel, did not file a response to the motion.

In 2003, a jury convicted petitioner of two counts of felon in possession of ammunition and one count of possession with intent to distribute cocaine base. After an unsuccessful appeal, petitioner filed his first § 2255 motion in 2012. On the government's motion, the court dismissed the § 2255 motion as untimely. In 2014, petitioner filed a second § 2255 motion. Because petitioner had not obtained authorization from the Fourth Circuit Court of Appeals to file that motion, the court dismissed the second § 2255 motion. In 2016, with the assistance of counsel and having obtained authorization from the Fourth Circuit Court of Appeals, petitioner filed the instant § 2255 motion. (DE # 95.)

On the government's unopposed motion, the court stayed the proceeding pending the decision in Beckles v. United States, 137 S. Ct. 886 (2017). After Beckles issued and on petitioner's unopposed motion, the court lifted the stay. Shortly thereafter, on petitioner's unopposed motion, the court stayed the proceeding pending the decision in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), and permitted the respondent to file an answer, response,

or appropriate motion within 21 days of the issuance of the mandate. On 6 March 2018, the mandate in Brown issued. The government then filed the instant motion to lift the stay and to dismiss.

In his third § 2255 motion, petitioner raises one ground for relief. He attacks his career offender designation based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), claiming that his prior convictions are not predicate convictions for application of the career offender enhancement. Relying on Brown, the government contends petitioner's § 2255 motion should be dismissed as untimely. The court agrees.

> Usually, a defendant must file a motion under § 2255 within one year from the date on which the defendant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year period to run when a defendant relies on a rule of constitutional law newly recognized by the Supreme Court, starting from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3). The *Brown* court concluded that in neither *Johnson* nor *Beckles* had the Supreme Court expressly recognized the right of a defendant to obtain relief who was sentenced as a career offender under a mandatory Guideline regime. 868 F.3d at 302. By leaving open that question, the Supreme Court failed to recognize a new right in the mandatory Sentencing Guidelines context. *Id.* Accordingly, a defendant sentenced as a career offender under the mandatory Guidelines could not rely on the additional one-year limitations period in § 2255(f)(3). *Id.*

United States v. Mullins, No. 2:99CR10052-2, 2018 WL 1960535, at *2 (W.D. Va. Apr. 26, 2018).

Here, petitioner does not dispute that he filed the instant § 2255 motion more than one year after his conviction became final. He also does not dispute that at the time he was sentenced—in 2003—the sentencing guidelines were deemed mandatory. As such, his third § 2255 motion is untimely.

For the foregoing reasons, the government's motion is ALLOWED. Petitioner's motion

is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 12 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge